# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:93cr258-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| WILLIAM LEWIS HINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Citing Amendment 505 to the United States Sentencing Guidelines." [Doc. 290].

On May 19, 1994, the Defendant pled guilty to one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). On August 17, 1994, the Defendant was sentenced to a term of life imprisonment. [Doc. 146]. The Defendant filed an untimely notice of appeal, which was dismissed by the Fourth Circuit Court of Appeals. See United States v. Hinson, No. 96-7340, 1997 WL 26502 (4th Cir. Jan. 24, 1997). On September 16, 2009, the Court granted the Defendant's motion for a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 505 to the United States Sentencing Guidelines ("Crack Cocaine Amendment"). The Defendant's offense level was reduced from 43 to 39, and his previously imposed sentence of life imprisonment was reduced to a term of 324 months. [Doc. 287].

The Defendant now moves to modify his sentence again pursuant to 18 U.S.C. § 3582(c)(2). For grounds, the Defendant contends that in reducing his sentence, the Court failed to give him credit for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. [Doc. 290].

The Defendant's motion is without merit. Recalculation of a defendant's sentence pursuant to § 3582(c)(2) does not permit a full reconsideration of the defendant's original sentence. United States v. Dunphy, 551 F.3d 247, 251 (4th Cir. 2009) ("proceedings under § 3582(c)(2) do not constitute a full resentencing of the defendant"); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) is not a do-over of a original sentencing proceeding . . . .") (citations omitted). Therefore, recalculation of the Defendant's sentence pursuant to the Crack Cocaine Amendment "does not give the court the

authority to reconsider those aspects of defendant's original sentence that he wishes to have reviewed." United States v. Morrison, No. 5:99cr70, 2009 WL 1625299, at *1 (W.D.N.C. June 8, 2009).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Citing Amendment 505 to the United States Sentencing Guidelines" [Doc. 290] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 4, 2010

Martin Reidinger
United States District Judge